CABAÑAS ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 14.—Decided February 20, 1905.

COMMUNITY OWNERSHIP OF PROPERTY—PARTICIPANTS IN THE COMMUNITY OWNERSHIP—INSCRIPTION OR CONVEYANCE OF PROPERTY OWNED IN COMMON.—Where real property is recorded in the registry of property in favor of several persons who own the same in undivided interests and without stating the proportion which each participant owns, none of the co-owners can have a specific portion of such property recorded in his name or convey the same without the consent of all of the other co-owners.

ID.—Although in accordance with section 400 of the Civil Code now'in force, unless the contrary be proved, it will be presumed that all of the participants in community ownership own equal shares therein, this provision should be understood as applying to the civil effect of the community ownership when the portion or share of each of the participants in the thing owned in common is not specified, but not for the purposes of the Mortgage Law, which is the law governing the manner of making records and the effects thereof.

ID.—RECORDS—REQUIREMENTS THEREOF.—In records entered in the registry the real extent of the right recorded should be clearly stated, as well as the value thereof, if it should appear in the title, and if by such title the ownership or the possession of real property or property rights are transferred or encumbered, the same cannot be recorded or entered unless the right of the person executing the same or in whose name the transfer or encumbrance is made appears previously to have been entered or recorded in the registry.

ID.—DEFECT CAPABLE OF CORRECTION.—Failure previously to record real estate in favor of the person conveying or encumbering the same constitutes a defect incapable of correction, which prevents the admission of the instrument to record in the registry of property.

STATEMENT · OF THE CASE.

This is an appeal taken by Crescencia Cabañas and Rámón Arendes from the decision of the Registrar of Property of San Juan refusing to record several undivided interests in an urban estate.

Crescencia Cabañas having been declared the intestate heir

of her daughter, María Josefa Cristina Villabaso y Cabañas, by an order made by the former District Court of San Juan on March 10, 1904, she requested the registrar of property of this city, by means of an appropriate communication, to record in her name one-fourth of the value of house No. 28 on San Justo street in this city, which she claimed to be the portion of her said deceased daughter as a part owner thereof, the undivided ownership being held by herself and her brothers. The registrar refused to make the record for the reasons set forth in the memorandum decision entered by him at the end of the document presented, which decision reads as follows:

"The record of one-fourth interest in the house situated at No. 28 San Justo street, in this city, requested by virtue of the preceding document in a petition hereto attached, is refused, because the entire estate is recorded in the name of the deceased Josefa Villabaso and Teresa, Isabel and Pedro Villabaso, without any determination as to the share of each, and for the reason that a specific portion of an estate cannot be recorded unless all the other co-owners give their consent thereto; and in compliance with the provisions of the law relating to appeals from decisions of registrars a cautionary notice has been entered at folio 38 (over) of the 9th volume of this city, estate No. 388, notation A, which will have legal effect for 120 days from this date. San Juan, Porto Rico, December 6, 1904. José Benedicto, Registrar."

The person presenting the request, Juan Arruza, not being satisfied with the foregoing decision, requested that the record in the case be forwarded to this Supreme Court for such decision as might be proper.

At this stage of the proceeding said Juan Arruza presented to the registrar of property a certified copy of an instrument executed in this capital before Julio Cesar González, a notary public therein, on November 12, last, by which Crescencia Cabañas, together with her daughter Teresa and Isabel Villabaso y Cabañas, sell to Ramón Arandes y Virella the three-quarter interest belonging to them in the undivided ownership

of said house No. 28 San Justo street, in this city, at the rate of one-fourth each, which shares Teresa and Isabel Villabaso had acquired by purchase made for them and their sister and brother Josefa and Pedro by their mother, Crescencia Cabañas, of the entire estate, from Ramona Jaubert, by deed executed in this city on March 1, 1873, before Notary Juan Ramón de Torres, and of record in the registry of property. The other quarter was acquired by Crescencia Cabañas by inheritance from her daughter María Josefa Cristina, as shown by the proper certified copy issued by the secretary of the district court of the declaration of heirs made in her favor. Crescencia further set forth in the deed that when she made the purchase for her four children who were then minors, Teresa, Isabel, Josefa and Pedro, by said deed of March 1, 1873, she did so in equal shares, that is to say, one-quarter for each, which determination of co-ownership the notary had omitted from the deed, and that she made this statement in order to cure the defect contained in the said deed, and to secure its admission to record in the registry of property. When Arruza requested the inscription of said deed in the registry of property it was also refused by the registrar for the reasons stated in the decision entered at the end thereof, which reads as follows:

"The inscription of the foregoing document is denied for the reason that the estate therein described was recorded in full in favor of Teresa, Isabel, Josefa, and Pedro Villabaso y Cabañas, without the share of each being determined; also because the part which Crescencia Cabañas conveys is not recorded, for the reason that although, as the heir of Josefa, she requested the inscription of one-fourth thereof, which she claimed was the share of the deceased. Such inscription was denied on account of a specific portion of said estate not being susceptible of inscription if the other co-owners did not give their consent thereto, and because this defect is present with respect to the conveyance comprised in the document, inasmuch as the other co-owner, Pedro Villabaso, has not given his consent, because, although Mrs. Cabañas states that she acquired the said estate with the understanding that one-fourth was to belong to each of her said children,

such a statement has no effect for the reason that said Pedro is the only one who can make any modification or change in the right which he has recorded, Mrs. Cabañas not being at present his representative but only one of the co-owners to whose will the determination of his share cannot be left; and in compliance with the law relating to appeals from decisions of registrars, a cautionary notice has been entered at folio 39 (over), of volume 9 of this city, estate 388, notice B, which will have legal effect for 120 days from this date.—San Juan, Porto Rico, December 6, 1904.  José Benedicto, Registrar.''

Mr. Arruza, who presented the petition, not being satisfied with the certificate of the registrar, requested that it be also submitted to this Supreme Court for such decision as may be proper.  This the registrar did, at the same time forwarding the record of the previous case of Crescencia Cabañas with his report, in which he set forth at length the reasons he considered pertinent in support of his right.  Ramón Arandes y Virella also entered an appearance in writing before this court in due time and interposed the proper appeal from the decision of the registrar, praying for a reversal thereof, and that the registrar be directed to make permanent the notations made by virtue of said adverse decision.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

As the undivided ownership of house No. 28, San Justo street, in the city of San Juan, is recorded in the name of Teresa, Isabel, Josefa and Pedro Villabaso, brother and sisters, said house being the one involved in this appeal, and as no specific shares are designated, none of the co-owners can record in his favor nor alienate a specific and determinate part of the value of said estate, without the concurrence and consent of all the other co-owners, which could not have been given in this case owing to the absence of one of the participants in the ownership of the house referred to.

Although the second paragraph of Article 393 of the former Civil Code, which is article 400 of the code in force, provides that the portions corresponding to the participants

in community ownership shall be considered equal unless the contrary be proved, this provision must be understood to mean, for the civil effects of the community, when the share of each of the co-owners in the thing held in common is not determined, but not for the effects of the Mortgage Law which governs as to the form and effect of records, as specifically provided by article 608 of said former Civil Code, reproduced in article 615 of the modern Code. The said Mortgage Law requires that there be set forth in the record, with absolute clearness, the real extent of the right recorded and its value, if the instrument should show it, and that in order to record or inscribe instruments by which the ownership or possession of real property or real property rights is conveyed or encumbered, it is necessary that the right of the person executing the deed, or in whose name the transfer is made, or the encumbrance effected, should appear of record and registrars must deny the inscription of such instruments unless such requisite is complied with, under their strictest liability, as provided by articles 9 and 20, respectively, of the aforesaid Mortgage Law.

Therefore, as the shares of Crescencia Cabañas and of her children Teresa, Isabel, Josefa and Pedro Villabaso y Cabañas in the value of the house situated at No. 28 San Justo street in the city of San Juan, which they sell to Ramón Arandes y Virella by deed dated November 12 last, do not appear of record in the registry of property in their names, said deed contains a defect which prevents its inscription in the registry of property.

In view of the provisions of articles 9 and 20 of the Mortgage Law and the decision of the General Directorate of Registries of August 18, 1894, the decision of the registrar of property of this city as contained in the notes entered at the end of the documents sent up to this Supreme Court for the decision of this appeal are affirmed, and it is directed that

they be returned to the said registrar together with a copy of this opinion for his information and other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.